IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY KING,                                   *
        Plaintiff,
   v.                                           *  CIVIL ACTION NO. DKC-06-3434

UNITED STATES POSTAL SERVICE, et al.,   *
        Defendants.
                                          ***

**MEMORANDUM**

Plaintiff, a state prisoner confined at the Western Correctional Institution, originally filed this complaint, seeking $205.50 in damages, in the District Court of Maryland for Baltimore City against the United States Postal Service and Division of Correction employees Wallace Marshall and Deborah Darden. The United States Postal Service removed the case to this court. (Paper No. 4). The Government's Motion for Substitution (Paper No. 6) shall be granted.

Plaintiff alleges that on December 8, 2004, he was sent to the Maryland Reception Diagnostic and Classification Center from the Baltimore County Jail. He states that all of his property, including a cell phone, were to be mailed home. He further states that all of his personal property except the cell phone were received by his family. (Paper No. 1).

Pending are the Motion to Dismiss filed by the United States Postal Service (Paper No. 8) and the Motion to Dismiss filed by the correctional defendants. (Paper Nos. 11 and 14). Plaintiff has filed oppositions thereto.[1] (Paper Nos. 13 and 16). The court has determined that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2004). For the reasons stated below, the Motions to Dismiss are granted.

---

[1] Plaintiff's opposition is titled "Motion to Keep Case from Being Dismissed." The "motion" while denied, has been considered by the court as an opposition to the pending motion to dismiss.

I.      Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

II.     Analysis

A.      U.S. Postal Service

Plaintiff's assertion with respect to the U.S. Postal Service is properly construed as arising under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2680. Under 28 U.S.C. § 2680(b), the provisions of the FTCA do not apply to claims arising out of the loss, miscarriage, or negligent transmission of letters or other postal materials. The United States does not waive its sovereign immunity with respect to the United States Postal Service for such a loss, despite the general waiver of sovereign immunity for the United States Postal Service under 39 U.S.C. § 409. *See Djordjevic v. Postmaster General*, 911 F.Supp. 72, 75 (E.D. N.Y. 1995); *Insurance Co. of North America v. U.S. Postal Service*, 524 F. Supp. 349, 351 (W.D. La. 1981), *aff'd.*, 675 F.2d 756 (5th Cir. 1982). Because the claim proposed by Plaintiff is not permitted under the law, his complaint against the U.S. Postal Service is subject to dismissal.

B.    Correctional Defendants

Plaintiff's claim against the correctional defendants was brought to federal court along with the FTCA claim when the action was removed from state court by the United States. To the extent that the complaint against the correctional defendants could be construed as asserting a civil rights complaint, it must be dismissed. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]

Moreover, Plaintiff's is collaterally estopped from bringing his claim before this court. On May 11, 2005, Plaintiff filed a grievance with the Maryland Inmate Grievance Office (IGO) concerning his lost cell phone. Paper No. 14, Ex. 1. A full hearing on Plaintiff's grievance was conducted by the Maryland Office of Administrative Hearings (OAH) on September 6, 2005. *Id*. The Administrative Law Judge found that Plaintiff failed to meet his burden of proof regarding the alleged negligent handling of his cell phone. Plaintiff's grievance was denied and dismissed by written decision on November 28, 2005. *Id*. Plaintiff filed a petition for judicial review pursuant to Md. Code Ann. Corr Servs. § 10-210(b) in the Circuit Court for Allegany Count. *Id*., Ex. 2. The Circuit Court for Allegany County affirmed the decision of the OAH on August 16, 2006. *Id*.

---

[2]Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3]Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

"[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott*, 478 U. S. 788, 799 (1986) (citation and footnotes omitted). This principle has been extended to apply to legal as well as factual issues. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994).

When a complaint filed with the IGO is heard, the hearing is conducted by an administrative law judge from the Office of Administrative Hearings. *See* Md. Code Ann. Corr. Servs. § 10-207. The administrative law judge is required to make findings of fact and thus acts in a judicial capacity. The parties to the proceeding have the opportunity to call witnesses, present documentary evidence, and question witnesses called by the other side. In other words, an adequate opportunity to litigate is provided by the inmate grievance process. This process satisfies the requirements set forth in *University of Tennessee, supra*.

The question therefore becomes what effect the Maryland courts give to the IGO decision. Under Maryland law, a decision of an administrative agency may have preclusive effect if the agency was acting in a judicial capacity, the issue presented to the court is the same one presented to the agency, and resolution of the issue was necessary to the agency's decision. *See Batson v. Shifflett*, 602 A.2d 1191, 1200-1203 (1992).

As discussed *supra,* the OAH acts in a judicial capacity when hearing IGO cases. Moreover,

> [u]nder Maryland law, preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations, *Esslinger v. Baltimore City*, 622 A.2d 774, 781 (Md.Ct.Spec.App.1993), and a party will be collaterally estopped from relitigating issues decided in such an adjudication where: (1) the issue raised in the prior action is identical with the issue presented in the action in question; (2) there is a final prior judgment on the merits; and (3) the party against whom estoppel is asserted was a party to the prior litigation. *Alston v. Robinson*, 791 F.Supp. 569, 578 (D.Md.1992).

4

*Batts v. Lee*, 949 F. Supp 12229, 1234 (D. Md. 1996).  The IGO having determined that Plaintiff's claim of negligence regarding the loss of his cell phone was without merit, and the Circuit Court having affirmed that decision, Plaintiff is barred by the doctrine of collateral estoppel from relitigating that issue here.

    III.    <u>Conclusion</u>

For the aforementioned reasons, the Motions to Dismiss are granted.


Date:   May 31, 2007                             _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge